# NO. 12-13-00338-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHAD ALAN CARNEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Chad Alan Carney appeals his conviction for aggravated robbery. In one issue, Appellant argues that the evidence is legally insufficient to support his conviction. We affirm.

### BACKGROUND

On January 4, 2012, Appellant went to Bullfrog's, a bar in Nacogdoches, Texas, drank alcohol,[1] and exited the premises without paying for the drinks he had ordered. The bar called the police to report the offense, and was able to provide them with Appellant's identity because he left his driver's license at the bar. The police were also told that Appellant left the premises on foot.

Not far from Bullfrog's, Alexandra Garrison was talking to Shawn Shiflet and Isaac Gonzalez inside the Sunshine Food Mart, a convenience store in Nacogdoches. While they were talking, Appellant walked into the Sunshine parking lot, where Garrison had left her car's motor running and the key in the ignition. After a few minutes, Appellant entered Garrison's car, and attempted to take it. Shiflet and Garrison, who was seven months pregnant, went outside and tried to stop him. Shiflet grabbed Appellant and attempted to pull him out of the car, but lost his

---

[1] Appellant stipulated that he was intoxicated.

grasp when Appellant backed the car away from him. At some point after Appellant evaded Shiflet, the car ran over Garrison's foot and hit her leg. The impact caused her to fall and suffer injuries. Appellant proceeded only a short distance before he drove Garrison's car into two other vehicles and wrecked it.

Appellant was charged by indictment with aggravated robbery, and the indictment included two felony enhancement paragraphs. Appellant pleaded "not guilty," and the case proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged, Appellant pleaded "true" to the two felony enhancement paragraphs, and the jury assessed his punishment at imprisonment for fifty-five years. In its judgment, the trial court found the felony enhancement paragraphs to be "true," made an affirmative deadly weapon finding, and sentenced Appellant according to the jury's verdict. This appeal followed.


## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction.

### Standard of Review and Applicable Law

Legal sufficiency of the evidence is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed. 2d 560 (1979); *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd); *see also Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Thus, we defer to the fact finder's resolution of conflicts in the evidence unless the

resolution was not rational.  *See Brooks*, 323 S.W.3d at 899-900; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

To support Appellant's conviction for aggravated robbery under the facts of this case, the State must establish that Appellant, (1) in the course of committing theft, (2) intentionally, knowingly, or recklessly caused bodily injury to Garrison, and (3) used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03 (West 2011).  A person acts intentionally when it is his conscious objective or desire to engage in conduct or cause the result.  *Id*. § 6.03(a) (West 2011).  A person acts knowingly when he is aware that his conduct is reasonably certain to cause the result.  *Id*. § 6.03(b) (West 2011).  A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur.  *Id*. § 6.03(c) (West 2011).  The risk must be of a kind that disregarding it constitutes a gross deviation from the standard of care that an ordinary person would exercise under the same circumstances.  *Id*.

Intent may be directly proven, or it may be inferred from circumstantial evidence such as the defendant's acts, words, and conduct.  *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

**Analysis**

Appellant contends that the evidence is legally insufficient to support his conviction because there is no evidence that he acted intentionally, knowingly, or recklessly in injuring Garrison.  The State admits that "it may not have been [Appellant's] conscious objective to cause Ms. Garrison bodily injury," but maintains that the evidence is legally sufficient to prove that Appellant acted knowingly or recklessly.  We agree with the State.

The accounts of Garrison and the two eyewitnesses are inconsistent in some respects. For example, there is conflicting testimony about how many times the car struck Garrison (once or twice), whether the car was moving forward or in reverse when it struck her, and where Garrison was standing at the time (in front of the car or on the passenger side).  But their testimony is consistent as it pertains to the facts concerning Appellant's culpable mental state. According to the undisputed testimony at trial, Garrison's car was parked in front of the entrance to Sunshine Food Mart, with the car's motor running and the keys in the ignition.  Appellant entered the car, and Shiflet and Garrison went outside to try to stop him from taking it. Appellant put the car in reverse, and eluded Shiflet by backing away from him.  Thereafter, the

3

car ran over Garrison's foot, hit her leg, and caused her to fall and suffer injuries.[2] Moreover, Garrison testified that she saw Appellant look at her as he was driving toward her. And Shiflet recounted that Appellant "tried to speed off as quick[ly] as possible" after he escaped Shiflet's grasp.

Viewing this evidence in the light most favorable to the verdict, the jury reasonably could have inferred that Appellant (1) knew his conduct was unlawful, (2) had seen Garrison and knew she was in close proximity to the car, (3) knew Shiflet and Garrison were trying to prevent him from taking the car, and (4) was driving erratically as he tried to avoid their efforts. Based on the evidence and these inferences, the jury could have determined beyond a reasonable doubt that Appellant was aware that his conduct was reasonably certain to cause injury to Garrison. *See* TEX. PENAL CODE ANN. § 6.03(b) (defining "knowing"). Alternatively, the jury could have determined beyond a reasonable doubt that Appellant was aware of, but disregarded, a substantial and unjustifiable risk that Garrison would be injured. *See id.* § 6.03(c) (defining "reckless"). Accordingly, we hold that the evidence is legally sufficient to support the jury's verdict. We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered January 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] The evidence does not show, as Appellant suggests, that Garrison fell because she slipped.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 30, 2015**

**NO. 12-13-00338-CR**

**CHAD ALAN CARNEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1219065)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*